## TERTULLUS GOFF *versus* CHARLES KELLOGG, Executor, &c.

The proper evidence of the rejection of a claim laid before commissioners on an estate represented insolvent, is the report of the commissioners and the acceptance thereof by the Court of Probate ; and notice given of an intention to prosecute a suit at law on such claim, and a suit brought thereon, after the commissioners had in fact rejected the claim, but before their report was returned and accepted, were held to be premature.

ASSUMPSIT for use and occupation. The estate of the defendant's testator having been represented to be insolvent, a commission of insolvency was issued thereon on the 6th of. March, 1833, and six months were allowed to creditors to present and prove their claims. The commissioners held their last session on the 6th of September, 1833, when they rejected the claim of the plaintiff. The plaintiff filed a notice in the probate office on the 2d of October, 1833, that he should bring an action at common law, and this action was accordingly commenced on the 18th of October, 1833, the writ being returnable in February, 1834. The report of the commissioners was received, considered, and ordered to be recorded, by the Probate Court, on the 7th of January, 1834.

A verdict was taken for the plaintiff; and the question, whether the notice was conformable to the *St.* 1784, *c.* 2, was reserved for the consideration of the whole Court.

*Sept.* 23d.    *Lanckton*, for the defendant, cited *Ellsworth* v. *Thayer*, 4 Pick. 122.

*Gold*, for the plaintiff.

*Sept.* 24th.    SHAW C. J. delivered the opinion of the Court. By *St.* 1784, *c.* 2, the notice is to be given by a creditor whose claim is rejected by the commissioners, within twenty days after such rejection. The proper evidence of the rejection of the claim is the return of the report to the probate office, and the acceptance thereof by·the Probate Court. This was so held in *Ellsworth* v. *Thayer*, 4 Pick. 122, and that notice given before the return of the report of the commissioners was premature, and not a compliance with the requisitions of the statute, which is a condition precedent to the maintenance of the action. That case is decisive of the present, against the plaintiff.

*Verdict set aside, and, by consent, plaintiff nonsuit.*